UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2005 SEP 28 ı A 8: 59

⸛⸛⸛ COURT
⸛⸛⸛⸛⸛A

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | 3:05-cu-990-𝒿-32 TEM |
| | ) | COMPLAINT |
| v. | ) | JURY TRIAL DEMAND |
| | ) | |
| MOTHERS WORK, INC., D/B/A MOTHERHOOD, | ) ) | INJUNCTIVE RELIEF REQUESTED |
| | ) | |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female and

pregnancy, and to provide appropriate relief due to La Shonda Burns, and any other similarly

situated individuals, who were adversely affected by such practices. As stated with greater

particularity in paragraph 7 below, the United States Equal Employment Opportunity

Commission (hereinafter the "EEOC" or "Commission") alleges that Defendant denied qualified

applicants for hire an associate sales position because of their sex, female and pregnancy.

Moreover, the Commission alleges that Defendant subjected La Shonda Burns to discipline and

terminated Ms. Burns because it believed Ms. Burns was pregnant, and in retaliation for her

complaints regarding Defendant's policy and practice of discrimination against pregnant

*1*

applicants.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division.

## PARTIES

3.      Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by  Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Mothers Work, Inc. d/b/a Motherhood ("Defendant"), has continuously been doing business in the State of Florida and the City of St. Augustine, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, La Shonda Burns

filed a charge with the Commission alleging violations of Title VII by Defendant. This charge was investigated on behalf of La Shonda Burns and other similarly situated individuals. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least October 2003, Defendant has engaged in unlawful employment practices at its St. Augustine, Florida location, in violation of Section 703(a)(1) of Title VII. 42 U.S.C. § 2000e-2(a).

    a.    La Shonda Burns began working for Defendant at its St. Augustine, Florida store in or about November 2001.

    b.    Ms. Burns performed her duties without incident until on or about October 2003.

    c.    In or about October 2003 and continuing throughout approximately June 2004, Defendant began to interview applicants for available sales associate positions at the location where Ms. Burns was employed.

    d.    Defendant failed to hire applicants who were visibly pregnant or who through interview questions it learned that the applicants were pregnant.

    e.    La Shondra Burns opposed Defendant's practice of not hiring qualified pregnant women into sales associate positions.

    f.    Defendant subsequently advised Ms. Burns that it believed Ms. Burns to be pregnant.

    g.    On or about late June through early August 2004, Defendant disciplined and subsequently terminated Ms. Burns in retaliation for her opposition

to Defendant's practice of not hiring qualified pregnant women and /or because it believed that Ms. Burns was pregnant.

8.      The effect of the unlawful employment practices complained of in paragraph 7 above has been to deprive LaShonda Burns and any other similarly situated individuals of equal employment opportunities, and otherwise adversely affect their status as an employee because of their sex, female.

9.      The unlawful employment practices complained of in paragraph 7 above were intentional.

10.      The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of La Shonda Burns and any other similarly situated individuals.

### PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in sex and pregnancy discrimination in employment practices and any other employment practice which discriminates on the basis of sex.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole La Shonda Burns and any other similarly situated

individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement, rightful-place hiring, and front pay.

   D. Order Defendant to make whole La Shonda Burns and any other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the employment practices described in paragraphs seven through ten above, including but not limited to, out-of-pocket losses, medical expenses and job search expenses, in amounts to be determined at trial.

   E. Order Defendant to make whole La Shonda Burns and any other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the employment practices described in paragraphs seven through ten above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

   F. Order Defendant to pay La Shonda Burns and any other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs seven through ten above, in an amount to be determined at trial.

   G. Grant such further relief as the Court deems necessary and proper in the public interest.

   H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully Submitted,


JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney


CHERYL A. COOPER
Trial Attorney
Florida Bar No. 0171591
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Miami District Office
One Biscayne Tower, Suite 2700
Two Biscayne Boulevard
Miami, Florida 33131
Tel. (305) 530-6009 Direct
Tel. (305) 536-6001 Main
Fax (305) 536-4494
E-mail: Cheryl.Cooper@eeoc.gov